UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSE-BENNIETTE WILKS, III,<br><br>                              Plaintiff,<br><br>-against-<br><br>T.J. BARTON, *NY State Trooper (1096)*,<br>and SASSO, *NY State Trooper (5438)*,<br><br>                              Defendants. | 1:25-cv-02598 (ALC)<br><br>AMENDED ORDER OF SERVICE |

**ANDREW L. CARTER, JR., United States District Judge**:

Leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C. § 1915.

This Court previously directed the Clerk of Court to issue summonses as to the Defendants. *See* ECF No. 3; *see also* ECF No. 4 (summonses). Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the Defendants. The Clerk of Court is further instructed to issue an amended summons for each Defendant and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the Defendants.

Although Federal Rule of Civil Procedure 4(m) generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service without the Court's assistance. The Court therefore extends the time to

serve until 90 days after the date any amended summonses issue. If the complaint is not served within 90 days after the date the amended summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The pending motion for leave to proceed IFP at ECF No. 8 is **GRANTED**.

The Clerk of Court is respectfully instructed to issue amended summonses for Defendants T.J. Barton and Sasso, complete the USM-285 form with the address for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of the Court is additionally directed to mail a copy of this supplemental order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:  July 7, 2025
        New York, New York

**ANDREW L. CARTER, JR
United States District Judge**

**DEFENDANTS AND SERVICE ADDRESS**

1. T.J. Barton
   New York State Trooper #1016
   NYSP Troop F Headquarters
   55 Crystal Run Road
   Middletown, NY, 10941

2. Sasso
   New York State Trooper #5438
   NYSP Troop F Headquarters
   55 Crystal Run Road
   Middletown, NY, 10941