

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

December 8, 2025

**Via ECF**
Honorable Cathy Seibel
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

*Telephonic pre-motion conference to be held on 1/6/25 at 10:45 am. Call-in number is 855-244-8681 and access code is 1809850784#. Plaintiff shall respond to this letter, by letter of no more than 3 pages, no later than 12/30/25. Plaintiff shall advise, no later than 12/22/25, as to his current address, email address and cellphone number. The Clerk of Court is respectfully directed to send a copy of this endorsement to Plaintiff at both addresses on ECF No. 14-2. Plaintiff is reminded that if he fails to keep the Court informed as to his contact information, or if he fails to abide by Court orders (such as this one), his case may be dismissed.*

Re:  *Jesse Wilks v. NY State Trooper Barton* et al., 25-cv-2598 (CS)

SO ORDERED.

*Cathy Seibel*    12/8/25
CATHY SEIBEL, U.S.D.J.

Dear Judge Seibel:

This Office represents Defendants New York State Police Troopers T.J. Barton and Mario Sasso ("Defendants") in this action. In accordance with Your Honor's Individual Practices, I write to respectfully request that the Court stay this proceeding until Plaintiff Jesse Wilks' pending State criminal proceeding has concluded. Defendants would seek to stay the civil matter until the criminal proceeding has resolved for the below stated reasons:

## I.    Procedural History

Plaintiff brings this action against Defendants for unlawful search and seizure in violation of the Fourth and Fourteenth Amendments. Plaintiff claims that on March 6, 2025, Defendants initiated a traffic stop after Plaintiff existed his car and engaged in an illegal search of Plaintiff's person and vehicle. He also alleges his car was seized. He alleges those violations by Defendants led him to be charged with Criminal Possession of a Controlled Substance in the seventh degree and Operating a Motor Vehicle While Impaired by Drugs in violation of Section 220.03 of the Penal Law of the State of New York and Section 1192.4 of the New York State Vehicle and Traffic Law respectively. Plaintiff filed this case twenty days after his arrest on March 26, 2025. (Dkt. No. 1). Upon information and belief, this Office has learned that as of December 4, 2025, his criminal matter related to his arrest on March 6, 2025, was still open and proceeding with Plaintiff's next appearance scheduled for December 15, 2025. *See Court Calander Monticello Village Court, dated December 1, 2025* (criminal case appearance). *Annexed here as Ex. 1*. Upon information and belief, Plaintiff is proceeding *pro se* in his criminal matter and is living in North Carolina. Upon information and belief, he has failed to make an appearance at several of his court appearance in this criminal matter, but no bench warrant has been issued yet.

**II.      This Matter Should Stayed Until the Criminal Proceeding Is Resolved**

Because a criminal proceeding is ongoing, as of December 4, 2025, this Court should abstain under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), since it prohibits a federal court from exercising jurisdiction over matters that are also being litigated in parallel state proceedings on matters that implicate important state interests and provide an adequate opportunity to raise the issues sought to be raised in the federal proceedings. *Id. at 746* ("A federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate.") See also *Gibson v. Berryhill*, 411 U.S. 564, 573–74, (1973). None of the special circumstances are present here.

The *Younger* doctrine requires the Court to dismiss any claims Plaintiff may have for prospective or declaratory relief. *See Kirchner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000). In *Kirchner*, 225 F.3d at 238, the Second Circuit held that *Younger* does not require dismissal of damages claims, but a stay may be appropriate. *See Pawelsky v. Cnty. of Nassau, New York*, 684 F. Supp. 3d 73, 88 (E.D.N.Y. 2023) (stay granted in action for monetary relief pending state proceeding); *see also Bankhead v. Chu*, 10 CIV 0510 (NGG) (LB), 2010 WL 935371, at *3 (E.D.N.Y. Mar. 11, 2010) ("Plaintiff's claims for money damages arise directly out of this prosecution and would require this court to adjudicate matters that Plaintiff could litigate in that proceeding, it is appropriate to stay this action pending resolution of Plaintiff s criminal case.")

Furthermore, "a district court has inherent power to stay proceedings." *Pryce v. Gonyo*, 24 CIV 5832 (KMK), 2024 WL 5199943, at *2 (S.D.N.Y. Dec. 23, 2024). "In this Circuit, courts assessing requests to stay civil proceedings balance the following six factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case, (2) the status of the criminal case, (3) the private interests of and burden on the defendants, (4) the private interests of the plaintiffs, (5) the interests of the courts, and (6) the public interest.

*Pullman v. Collins*, 24 CIV 1383 (KMK), 2025 WL 1004731, at *3 (S.D.N.Y. Apr. 3, 2025) (citing *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012)). While requests for stays of discovery in a civil case pending a criminal case are generally made by target of the criminal investigation, the government may seek a stay to avoid interference with the criminal case. *Razak v. Leissner*, No. 20 MC 387, 2021 WL 2581560, at *2 (S.D.N.Y. June 22, 2021).

Each of the *Louis Vuitton* factor supports a stay of this case. The civil and criminal matters deal with the same incident. Plaintiff is charged with possessing a controlled substance and operating a vehicle while under the influence on March 6, 2025, which is same date as the stop and search at issue in the Complaint.  In his complaint, Plaintiff alleges there was no reasonable suspension to stop him and no probable cause to conduct the related search and arrest. *See Compl.* at 13. However, Plaintiff is alleged to have possessed a controlled substance and operated a vehicle while under the influence the same day. Given that Plaintiff and Defendants disagree on whether there was reasonable suspicion for the stop and probable cause for the search, the issue raised in the criminal case are highly relevant to this case.

Honorable Cathy Seibel                                                          Page 3 of 3
December 8, 2025

Plaintiff was charged for the underlying facts in the civil matter on March 7, 2025. Upon information and belief, he has had several appearances since then, with the most recent happening on December 1, 2025. His next appearance is December 15, 2025. Therefore, the threat of a criminal prosecution is neither remote nor hypothetical and the criminal matter will proceed promptly. *Pullman*, 2025 WL 1004731, at *4 (staying civil case where plaintiff was facing misdemeanor charges for the same incident). Plaintiff's consent has not been sought for this stay, but Plaintiff would have an interest in staying this matter as proceeding to discovery could impact his Fifth Amendment rights. *Id.* ("an indicted defendant ordinarily faces a very substantial risk of self-incrimination if he chooses to defend against civil charges" and "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify.") (quoting *In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2002 WL 31729501, at *7 (S.D.N.Y. Dec. 5, 2002). His criminal case should proceed expeditiously, provided Plaintiff makes his appearance at court when required. Upon information and belief, Plaintiff has moved to North Carolina and is obstructing the prosecution of his criminal matter by failing to appear at his hearings. While a bench warrant has not been issued, I spoke to the Assistant District Attorney in that matter, and I was informed one would be sought if Plaintiff continues to fail to appear.

Defendants will be burdened should this case continue as Plaintiff is facing on ongoing prosecution based on the incidents alleged in the Complaint, and Defendants may be witnesses against him. As a result, Plaintiff can seek information relevant to his criminal case while simultaneously retaining the right to assert his Fifth Amendment privilege against self-incrimination. A stay is particularly pertinent because both the Court's and the public's interests are served by permitting the criminal case to proceed without interferences *See Pryce*, 2024 WL 5199943, at *2. (staying § 1983 matter with a pending criminal proceeding). As such, "the proper course is to 'stay ... the action pending resolution of the state proceeding.'" *Bankhead v. Chu*, 10 CIV0510 (NGG)(LB), 2010 WL 935371, *3 (E.D.N.Y. Mar. 11, 2010) (quoting *Kirchner*, 225 F.3d at 238).

Until the criminal proceeding, including any potential appeals, concludes, this Court should stay the instant case because the remedy that may be available to Plaintiff regarding the allegations in his Complaint is likely to be affected by the outcome of his criminal case. For example, a conviction may implicate the rule under *Heck v. Humphrey.* 512 U.S. 477, 487 (1994) and impact the claims Plaintiff purports to bring in this case. Therefore, it is in the best interest of all parties, including the Court, to conserve judicial resources and stay this case.

Thank you for your attention to these matters.

Sincerely,

/s/ *Owen M. Crowley*
Owen M. Crowley
Assistant Attorney General

cc: Jesse-Benniette Wilks, III *pro se*
    7 Lawrence Avenue
    Monticello, NY 12701

# Court Calendar
# Monticello Village Court

All Judges    Court Date: 11/03/2025

Listing created: 10/30/2025 at: 09:10AM    Sorted by: Name

142 Records
Page 13 of 13

✓ Wilks, Jesse B.    DS  25050015.01    VTL 1192 04 OP MV DRUGS 1ST    TRIAL/HEARINGS
VTL 1180 0D Speeding 41/30    File COC
Δ FTA    VTL 1227 01 VIO MISC RULES
12/1    VTL 1172 0A STOP SIGN VIOL

√ Wilks, Jesse B.          DS  25050015.01      VTL 1192 04 OP MV DRUGS 1ST     TRIAL/HEARINGS
                                                VTL 1180 0D Speeding 41/30
         Adj  12/15   △ FTA                     VTL 1227 01 VIO MISC RULES      talk about Redaction
                                                VTL 1172 0A STOP SIGN VIOL

## **AFFIRMATION OF SERVICE**

OWEN M. CROWLEY, an attorney admitted to practice in the courts of the State of New York, affirms as follows:

I am an attorney licensed to practice in the State of New York and am an Assistant Attorney General in the office of Letitia James, Attorney General of the State of New York. I am over 18 years of age and not a party to this action.

On December 8, 2025, I served a copies of the following papers:

1. Letter to the Court Requesting Stay Pending Criminal Matter's Conclusion, Dated December 8, 2025;
2. Notice of Appearance of Owen M. Crowley for Defendants

on Jesse-Benniette Wilks, plaintiff *pro se,* at the following address designated in the docket of this case:

Jesse-Benniette Wilks, III *pro se*
7 Lawrence Avenue
Monticello, NY 12701

by causing a copy of the papers enclosed in a properly addressed wrapper with proper postage affixed to be deposited into the custody of the U.S Mail.

In addition, because Plaintiff appears to no longer be residing at his docketed address, I mailed a copy of the above documents to the following address Plaintiff has used to communicate with the Assistant District Attorney handling his criminal matter:

Jesse-Benniette Wilks, III *pro se*
144 Woodlawn Drive
Statesville, North Carolina 28677

I affirm under penalty of perjury that the foregoing is true and correct.

Dated: December 8, 2025
New York, New York

/s/ *Owen M. Crowley*
Owen M. Crowley
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
(212) 416-8952
Owen.crowley@ag.ny.gov